UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| JEREMY MIXON, ) | |
| LASHAUANA KIMBROUGH, ) | |
| On behalf of J.M., ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 1:25-cv-00377-KD-N |
| ) | |
| GARY BROSSETT and ) | |
| KELLY SASSER, ) | |
| Defendants. ) | |

## ORDER

This civil action is before the Court *sua sponte* on review of its subject-matter jurisdiction.[1]

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also, e.g., Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

Generally, "[i]n a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

### I. Subject-Matter Jurisdiction

"A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction…" Fed. R. Civ. P. 8(a)(1). The notice of removal (Doc. 1) alleges diversity of citizenship under 28 U.S.C. § 1332(a) as a basis for subject matter jurisdiction.

> When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) ("'[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.'" (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted). *See also, e.g.*, *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (per curiam) ("When jurisdiction depends on citizenship, citizenship

should be distinctly and affirmatively alleged." (quotation omitted)); *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction..." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[2]

Having considered the notice of removal (Doc. 1), the undersigned identifies the following deficiencies in the Defendants' allegations supporting diversity jurisdiction:

- All named parties to this action are natural persons, but the complaint only alleges their states of origin. (See Doc. 1, PageID.76). The law of this circuit is clear that "[c]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person[,]" *Taylor*, 30 F.3d at 1367, and that "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citations, quotations, and footnote omitted). That is, "domicile requires both residence in a state **and** 'an intention to remain there

---

[2] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

indefinitely....' " *Travaglio*, 735 F.3d at 1269 (quoting *McCormick,* 293 F.3d at 1258 (internal quotation marks omitted)) (emphasis added). *See also Mas*, 489 F.2d at 1399 ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").[3] Accordingly, the Defendants must allege each party's state of domicile/citizenship, not mere origin.

- Additionally, Plaintiff LASHAUNA KIMBROUGH is suing on behalf of a

---

[3] While "[r]esidence alone is not the equivalent of citizenship, … the place of residence is prima facie the domicile" when there is an evidentiary challenge to a party's citizenship. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). *Accord Slate v. Shell Oil Co.*, 444 F. Supp. 2d 1210, 1215 n.9 (S.D. Ala. 2006) (Steele, J.) ("[W]hile the two concepts are analytically distinct, a party's place of residence is *prima facie* evidence of his domicile."). Nevertheless, the fact that residence may be *prima facie* evidence of domicile does not relieve the party invoking diversity jurisdiction of the burden of alleging a natural person party's place of domicile/citizenship, rather than simply that party's place of residence. The Eleventh Circuit has repeatedly held that a mere allegation of residence does not satisfy that pleading burden. *See Travaglio*, 735 F.3d at 1269 ("As we indicated in remanding this case for jurisdictional findings, the allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough."); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011) ("Ordinarily, the complaint must allege the citizenship, not residence, of the natural defendants."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 778 (11th Cir. 2008) (per curiam) (unpublished) ("The plaintiffs' complaint alleges only the residence of the nearly 100 plaintiffs, not their states of citizenship. Because the plaintiffs have the burden to affirmatively allege facts demonstrating the existence of jurisdiction and failed to allege the citizenship of the individual plaintiffs, the district court lacked subject matter jurisdiction on the face of the complaint." (internal citation and quotation omitted)); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (per curiam) (unpublished) ("The allegation that Crist is a 'resident' of Florida is insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship." (citing *Cong. of Racial Equal. v. Clemmons*, 323 F.2d 54, 58 (5th Cir. 1963) ("Diversity of citizenship, not of residence, is required under 28 U.S.C.A. § 1332. Wherever jurisdiction is predicated upon the citizenship (or alienage) of the parties, it should be noted that **since residence is not the equivalent of citizenship, an allegation that a party is a resident of a certain state or foreign country is not a sufficient allegation of his citizenship**." (quotation and citation omitted) (emphasis added)).

minor, J.M. For purposes of diversity jurisdiction, "the legal representative of an infant…shall be deemed to be a citizen only of the same State as the infant…" 28 U.S.C. § 1332(c)(2). However, the complaint fails to allege J.M.'s state of citizenship.

- The notice of removal fails to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.[4]

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984). Upon due consideration, the Defendants are **ORDERED** to file, no later than **October 28, 2025**, an amended notice of removal that corrects the above-noted deficiencies in their allegations supporting diversity jurisdiction under § 1332(a).

The failure to file an amended notice of removal as ordered, or to adequately allege a basis for subject matter jurisdiction in the amended notice, may result in dismissal of this action *sua sponte* for lack of subject-matter jurisdiction under

---

[4] "When removal is based on diversity of citizenship, an amount-in-controversy requirement must be met. Ordinarily, "the matter in controversy [must] excee[d] the sum or value of $75,000." § 1332(a). When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so. § 1446(c)(2)(A). … As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)

Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[5]

## II. Disclosure Statement

Defendants did not accompany their removal with disclosure statement. *See* Federal Rule of Civil Procedure 7.1(a)(2) (applicable to all "parties or intervenors in a diversity case"). The parties are each **ORDERED** to file such a disclosure statement, using this Court's current form (https://www.alsd.uscourts.gov/sites/alsd/files/forms/CivilDisclosureStatement.pdf), no later than **November 4, 2025**.

**DONE** and **ORDERED** this 14th Day of October, 2025.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] The Court questions the propriety of removal based on federal-question jurisdiction (FAA preemption) but notes that further analysis is unnecessary if the defendants can properly allege diversity jurisdiction. *See Moore v. Nw. Airlines, Inc.*, 897 F. Supp. 313, 315 (E.D. Tex. 1995) (finding that the ADA did not preempt a negligence claim arising from "boarding procedures" because the services complained of were not "boarding procedures in their economic or contractual dimension"); *Lucia v. Teledyne Cont'l Motors*, 173 F. Supp. 2d 1253 (S.D. Ala. 2001) (discussing preemption and state-law claims); *Pipino v. Delta Air Lines, Inc.*, No. 15-cv-21312, 2015 WL 4450039, at *2 (S.D. Fla. July 20, 2015) (finding similar).